1   Brent H. Blakely (SBN 157292)
    bblakely@blakelylawgroup.com
2   Cindy Chan (SBN 247495)
    cchan@blakelylawgroup.com
3   BLAKELY LAW GROUP
    915 North Citrus Avenue
4   Hollywood, California 90038
    Telephone: (323) 464-7400
5   Facsimile: (323) 464-7410

6   *Attorneys for Plaintiff*
    *FiveFour Group, LLC*
7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  FIVEFOUR GROUP, LLC, a California      ) CASE NO. CV11-09986 JAK (JCGx)
    Limited Liability Company;             )
12                                         ) **PROTECTIVE ORDER**
                    Plaintiff,             )
13                                         )        [DISCOVERY MATTER]
            vs.                            )
14                                         )
    FIDELITY DESIGN  HOUSE, LTD., a        )        **Hon. Jay C. Gandhi**
15  Canadian Corporation; and DOES 1-10,   )
    inclusive,                             )
16                                         )
                    Defendant.             )
17                                         )

18                          **DEFINITIONS**

19      1.      As used in this Protective Order,

20              a.      "Designating Party" means any Person who designates Material as

21  Confidential Material.

22              b.      "Discovering Counsel" means counsel of record for a Discovering

23  Party.

24              c.      "Discovering Party" means the Party to whom Material is being

25  Provided by a Producing Party.

26              d.      "Confidential Material" refers to those materials designated as

27  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as defined in Paragraph 2

28  below.

1    e.    "Material" means any document, testimony or information in any

2  form or medium whatsoever, including, without limitation, any written or printed

3  matter, Provided in this action by a Party before or after the date of this Protective

4  Order.

5    f.    "Party" means the Parties to this action, their attorneys of record

6  and their agents.

7    g.    "Person" means any individual, corporation, partnership,

8  unincorporated association, governmental agency, or other business or governmental

9  entity whether a Party or not.

10    h.    "Producing Party" means any Person who Provides Material during

11  the course of this action.

12    i.    "Provide" means to produce any Material, whether voluntarily or

13  involuntarily, whether pursuant to request or process.

14                    **<u>CONFIDENTIAL DESIGNATION</u>**

15    2.    A Producing Party may designate as "CONFIDENTIAL" any material

16  provided to a Party which contains or discloses any of the following:

17    a.    Non-public insider information, personnel files, financial

18  information, trade secrets, confidential commercial information, proprietary

19  information, or other confidential or sensitive information which the Producing Party

20  determines in good faith should be kept confidential; and

21    b.    Information that the Party is under a duty to preserve as

22  confidential under an agreement with or other obligation to another Person.

23    3.    A Producing Party may designate as "ATTORNEYS' EYES ONLY,"

24  documents Parties contend contain or disclose materials which they in good faith

25  believe to be of an extremely high degree of current commercial sensitivity and/or

26  would provide a competitive advantage to its competitors if disclosed.

27    4.    The Producing Party may not use "CONFIDENTIAL" and/or

28  "ATTORNEYS' EYES ONLY" designations to conceal the identity of potential

1   parties to the litigation, such as manufacturers, distributors, importers, retailers and

2   others in the supply chain of the alleged infringing goods.

3        5.    A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS'

4   EYES ONLY Materials which the Producing Party in good faith believes are entitled

5   to protection pursuant to the standards set forth in Paragraph 2 of this Order. A

6   Producing Party may designate Confidential Material for Protection under this order by

7   either of the following methods:

8        a.    By physically marking it with the following inscription prior to

9   Providing it to a Party:

10   CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

11   or

12   ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER

13        b.    By identifying with specificity in writing to the Discovering Party

14   any previously Provided Material which was not designated as Confidential Material

15   prior to its having been Provided. For purposes of this method of designation, it will be

16   a sufficiently specific identification to refer to the bates numbers or deposition page

17   numbers of previously Provided Material. Where a Producing Party designates

18   previously Provided Material as Confidential Material pursuant to this subparagraph,

19   the Producing Party will follow the procedures set forth in the previous subparagraph

20   for designating Confidential Material, and Provide to the Discovering Party additional

21   copies of the previously Provided Material marked with the inscription described in the

22   previous subparagraph. Upon receipt of the additional copies which comply with the

23   procedures set forth in the previous subparagraph, the Discovering Party will

24   immediately return to the Producing Party the previously Provided Material, or

25   alternatively, will destroy all the previously Provided Material, at the option of the

26   Producing Party. For previously Provided Material which was not designated as

27   Confidential Material at the time of its being Provided, this Protective Order shall

28

[PROPOSED] PROTECTIVE ORDER

1   apply to such materials beginning on the date that the Producing Party makes such

2   designation.

3       6.    All costs associated with the designations of materials as "Confidential"

4   or "Attorneys' Eyes Only" involving, for example, the cost of binding confidential

5   portions of deposition transcripts, shall be initially borne by the Party making the

6   designation with no prejudice regarding the Designating Party's ability to recover its

7   costs upon completion of the litigation.

8       7.    The designation of documents as "Confidential" or "Attorneys' Eyes

9   Only" does not entitle the parties to have those documents filed under seal.  An

10  application, including a stipulated application to filed documents under seal must

11  comply with Local Rule 79-5.

12              **RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

13      8.    Confidential Material designated as CONFIDENTIAL shall not be

14  disclosed, nor shall its contents be disclosed, to any person other than those described

15  in Paragraph 11 of this Protective Order and other than in accordance with the terms,

16  conditions and restrictions of this Protective Order. Confidential Material designated as

17  ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed

18  to any person other than those described in Paragraph 12 of this Protective Order.

19      9.    Confidential Material Provided by a Producing Party to a Discovering

20  Party shall not be used by the Discovering Party or anyone other than the Producing

21  Party, specifically including the persons identified in Paragraphs 11 or 12 as

22  appropriate, for any purpose, including, without limitation any personal, business,

23  governmental, commercial, publicity, public-relations, or litigation (administrative or

24  judicial) purpose, other than the prosecution or defense of this action.

25      10.   All Confidential Material shall be kept secure by Discovering Counsel

26  and access to Confidential Material shall be limited to persons authorized pursuant to

27  Paragraphs 11 or 12 of this Protective Order.

28

1    11.    For purposes of the preparation of this action, and subject to the terms,

2  conditions, and restrictions of this Protective Order, Discovering Counsel may disclose

3  Material designated as CONFIDENTIAL and the contents of Material designated as

4  CONFIDENTIAL only to the following persons:

5        a.    Counsel of record working on this action on behalf of any party and

6  counsel's employees who are directly participating in this action, including counsel's

7  partners, associates, paralegals, assistants, secretaries, and clerical staff.

8        b.    In-house counsel and such in-house counsel's employees who are

9  directly participating in this action, including counsel's paralegals, assistants,

10  secretaries, and clerical staff.

11        c.    Court and deposition reporters and their staff.

12        d.    The Court and any Person employed by the Court whose duties

13  require access to Material designated as CONFIDENTIAL.

14        e.    Witnesses at depositions or pre-trial proceedings, in accordance

15  with procedures set forth in Paragraphs 11-13.

16        f.    Non-party experts and consultants assisting counsel with respect to

17  this action and their secretarial, technical and clerical employees who are actively

18  assisting in the preparation of this action, in accordance with the procedures set forth in

19  Paragraphs 11-13.

20        g.    Officers, directors and employees of the Parties hereto who have a

21  need to review Material designated as CONFIDENTIAL to assist in connection with

22  this litigation, subject to the limitations set forth herein;

23        h.    Photocopy service personnel who photocopied or assisted in the

24  photocopying or delivering of documents in this litigation;

25        i.    Any Person identified on the face of any such Material designated

26  as CONFIDENTIAL as an author or recipient thereof;

27        j.    Any Person who is determined to have been an author and/or

28  previous recipient of the Material designated as CONFIDENTIAL, but is not identified

on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

      k.    Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

    The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

    12.    For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose confidential financial Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

      a.    Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff.

      b.    Court and deposition reporters and their staff.

      c.    The Court and any person employed by the Court whose duties require access to Material designated as ATTORNEYS' EYES ONLY.

      d.    Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraphs 11-13.

      e.    Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs 11-13.

      f.    Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof; and

      g.    Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship

1  or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person;

2  and

3          h.      Any Person who the Parties agree in writing may receive Material

4  designated as ATTORNEYS' EYES ONLY.

5          **UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

6          13.     Before Discovering Counsel may disclose Confidential Material to any

7  Person described in subparagraphs 11(f), 11(g), or 12(f) above, the Person to whom

8  disclosure is to be made shall receive a copy of this Protective Order, shall read this

9  Protective Order, shall evidence his or her agreement to be bound by the terms,

10  conditions, and restrictions of the Protective Order by signing an undertaking in the

11  form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of

12  this Protective Order, with a copy of his or her signed Undertaking attached.

13  Discovering Counsel shall keep a copy of the signed Undertaking for each person

14  described in subparagraphs 11(f), 11(g), or 11(f) to whom Discovering Counsel

15  discloses Confidential Material.

16          14.     The individuals designated in subparagraph 12(a) above, are specifically

17  prohibited from publishing, releasing, or otherwise disclosing Material designated as

18  ATTORNEYS' EYES ONLY, or the contents thereof, to any directors, officers, or

19  employees of the company for which the individual is employed, or to any other

20  persons not authorized under this Protective Order to receive such information. The

21  designated individuals in subparagraph 12(a) shall retain all ATTORNEYS' EYES

22  ONLY material in a secure manner under separate and confidential file, so as to avoid

23  inadvertent access by, or disclosure to, unauthorized persons.

24          **DEPOSITIONS**

25          15.     Those portions of depositions taken by any Party at which any Material

26  designated as CONFIDENTIAL is used or inquired into, may not be conducted in the

27  presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel,

28  and (c) Persons authorized under Paragraph 11 of this Protective Order to view such

Confidential Material. During those portions of depositions in which Material designated ATTORNEYS' EYES ONLY is used or inquired into, only those persons authorized under Paragraph 12 to view such Materials may be present.

16.     Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 16, this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties.

17.     When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 5 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from

[PROPOSED] PROTECTIVE ORDER

1   non-confidential material, any Party may request that the entire transcript or exhibit be

2   maintained by the reporter as Confidential Material.

3   **USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT**

4   **PAPERS**

5       18.    If any Party or non-party seeks to file or lodge with the Court any

6   Confidential Material, such materials shall be submitted to the Court in accordance

7   with the procedures set forth in Local Rule 79-5.1. No documents may be filed or

8   lodged under seal absent a court order pertinent to the specific document(s).  If a Party

9   wishes to file or lodge documents under seal, the other Party shall not unreasonably

10  withhold agreement to such procedure. If an agreement is reached, the Parties shall

11  submit to the Court a Stipulation and Proposed Order for such filing or lodging under

12  seal. If no such agreement is reached, then the proponent of lodging or filing under seal

13  shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1.

14              **OBJECTIONS TO DESIGNATION**

15      19.    Any Party may at any time notify the Designating Party in writing of its

16  contention that specified Material designated as Confidential Material is not properly

17  so designated because such Material does not warrant protection under applicable law.

18  The Designating Party shall within five court days, meet and confer in good faith with

19  the Party challenging the designation in an attempt to resolve such dispute. The

20  Designating Party shall have ten (10) calendar days from the initial meet and confer to

21  file a motion to uphold the designation of the material in question. Any such motion

22  shall be set for hearing on the first available calendar date. If no motion is filed within

23  10 days, or any mutually agreed to extension of time, all Parties may treat the Material

24  as non-confidential. To maintain the designation as Confidential Material and to

25  prevail on such a motion, the Designating Party must show by a preponderance of the

26  evidence that there is good cause for the designation as Confidential Material. Pending

27  resolution of any motion filed pursuant to this Paragraph, all Persons bound by this

28

[PROPOSED] PROTECTIVE ORDER

1  Protective Order shall continue to treat the Material which is the subject of the motion

2  as Confidential Material.

3       20.    Any discovery disputes concerning the designation of materials or

4  disclosure of documents or information under this Protective Order shall be brought in

5  compliance with Local Rule 37 and a proposed stipulated protective order should so

6  provide.

7  ## **RETURN OF MATERIAL**

8       21.    Within ninety (90) calendar days after the final settlement or termination

9  of this action, Discovering Counsel shall return or destroy (at the option and expense

10  of Discovering Counsel) all Materials provided by a Producing Party and all copies

11  thereof except to the extent that any of the foregoing includes or reflects Discovering

12  Counsel's work product, and except to the extent that such Material has been filed with

13  a court in which proceedings related to this action are being conducted. In addition,

14  with respect to any such retained work product and unless otherwise agreed to, at the

15  conclusion of this action, counsel for each Party shall store in a secure area all work

16  product which embodies Confidential Material together with all of the signed

17  undertakings they are required to preserve pursuant to Paragraph 13 above, and shall

18  not make use of such Material except in connection with any action arising directly out

19  of these actions, or pursuant to a court order for good cause shown. The obligation of

20  this Protective Order shall survive the termination of this action. To the extent that

21  Confidential Materials are or become known to the public through no fault of the

22  Discovering Party, such Confidential Materials shall no longer be subject to the terms

23  of this Protective Order. Upon request, counsel for each Party shall verify in writing

24  that they have complied with the provisions of this paragraph.

25  ## **SCOPE OF THIS ORDER**

26       22.    Except for the provisions regarding post-trial or post-settlement return and

27  destruction of Material, or segregation of work product which embodies Confidential

28  Material, this order is strictly a pretrial order; it does not govern the trial in this action.

23.     Not later than seven days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

24.     Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

25.     Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

26.     This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

27.     This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

28.     The restrictions set out in the Protective Order shall not apply to any Material which:

          a.     At the time it is Provided is available to the public;

          b.     After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

1          c.      The Discovering Party can show

2                  i.      Was already known to the Discovering Party independently

3    of receipt of the Confidential Material in this or prior litigation; or

4                  ii.     Was received by the Discovering Party, after the time it was

5    designated as Confidential Material hereunder, from a third party having the right to

6    make such disclosure.

7          29.     If at any time any Material protected by this Protective Order is

8    subpoenaed from the Discovering Party by any Court, administrative or legislative

9    body, or is requested by any other Person or entity purporting to have authority to

10   require the production of such material, the Party to whom the subpoena or other

11   request is directed shall immediately give written notice thereof to the Producing Party

12   with respect to Confidential Material sought and shall afford the Producing Party

13   reasonable opportunity to pursue formal objections to such disclosures. If the

14   Producing Party does not prevail on its objections to such disclosure, the Discovering

15   Party may produce the Confidential Material without violating this Protective Order.

16                          **SUBMISSION TO COURT**

17         30.     The Parties agree to submit this Protective Order to the Court for adoption

18   as an order of the Court. The Parties reserve the right to seek, upon good cause,

19   modification of this Protective Order by the Court.

20

21   **IT IS SO ORDERED.**

22

23   Date:  July 18, 2012

24                                           _____
                                             Honorable Jay C. Gandhi
                                             **United States Magistrate Judge**

25

26

27

28

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *FiveFour Group, LLC v. Fidelity Design House, Ltd.*, No. CV11-09986 JAK (JCGx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:          _____, 2012


City and State where sworn and signed:          _____


Signed:          _____          _____
                        [Print Name]                              [Signature]